IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| CLARK CHANDLER | § | |
| | § | |
| v. | § | No. 9:20-CV-78-MJT |
| | § | |
| PILGRIM'S PRIDE CORP. | § | |
| | § | |

## ORDER OVERRULING OBJECTIONS AND ACCEPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Clark Chandler sued his former employer, Pilgrim's Pride Corporation ("Pilgrim's") claiming that Pilgrim's had caused him to be fired by a subsequent employer, Common Disposal, and then interfered with his attempts to gain employment at Georgia Poultry. Chandler asserted causes of action for tortious interference with his contract with Common Disposal, tortious interference with prospective employment with Georgia Poultry, and violation of Texas Labor Code § 52.031 (blacklisting). In his response to Pilgrim's motion for summary judgement Chandler did not oppose summary judgment on his claim for tortious interference with his contract with Common Disposal. (Doc. #17, at 1, 13).

As to the remaining claim of blacklisting, The Texas Labor Code does not provide for a private cause of action for blacklisting. As to the tortious interference with prospective employment claim, there is no genuine dispute as to any material fact that, if resolved in Chandler's favor, might support his tortious interference claim under the narrow limits of Texas law. Chandler's objections will be overruled and the Magistrate Judge's recommendation to grant summary judgement will be accepted.

## I. PROCEDURAL BACKGROUND

Chandler originally filed this case in the 145th District Court in Nacogdoches County, Texas. Pilgrim's timely removed this case to federal court. In the original state court petition, Chandler asserted causes of action for violation of Texas Labor Code § 52.031 (blacklisting), tortious interference with his contract with Common Disposal, and tortious interference with prospective employment with Georgia Poultry. (Doc. #2). Pilgrim's filed the pending motion for summary judgment. (Doc. #14). Chandler timely filed a response to the motion (Doc. #17) to which Pilgrim's replied (Doc. #18). Importantly, in his response, Chandler did not oppose summary judgment on his claim for tortious interference with contract. (Doc. #17, at 1, 13). Consequently, the only remaining claims are the blacklisting claim and the tortious interference with prospective employment with Georgia Poultry claim.

The court referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, for consideration pursuant to applicable laws and orders of this court. Judge Hawthorn recommended granting Pilgrim's Motion for Summary Judgment. (Doc. #19).

Chandler filed objections to the Magistrate Judge's Report and Recommendation. (Doc. #20). This requires a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b); 28 U.S.C. § 636. The court has received and considered the Objections and the Report and Recommendation, along with the record and pleadings. After careful consideration, the court concludes Chandler's objections are without merit and the motion for summary judgment should be granted.

## II. FACTS

Plaintiff Clark Chandler was initially hired by Pilgrim's in 1998 in its growing operation. (Doc. #2, at 4). He was employed by Pilgrim's from 1998 to 2003 and then from 2014 to 2018. *Id.*

Chandler was terminated by Pilgrim's on December 31, 2018. *Id.* at 5. In March 2019, he accepted employment as an accountant with Common Disposal. *Id.* Common Disposal has several broiler farms and hauls feed for Pilgrim's. *Id.* Chandler alleges that once Pilgrim's learned Chandler had been on certain chicken farm locations, Pilgrim's advised Common Disposal of an issue with his presence. As a result, Chandler "no longer dealt with chicken farm issues." *Id.*

On September 30, 2019, Chandler was terminated from his employment at Common Disposal. *Id.* He alleges that Pilgrim's exerted its influence over Common Disposal to cause his termination. *Id.* After a new job search, Georgia Poultry, a supplier of services and equipment to poultry integrators, issued him an employment offer letter. *Id.* Chandler alleges that Pilgrim's management then informed Georgia Poultry that it would cease using it if Chandler was a representative of Georgia Poultry. *Id.* He asserts that because of this interference, Georgia Poultry withdrew its offer letter. *Id.*

### III. LEGAL STANDARD

A motion for summary judgment should be granted when, after considering the materials in the record, including pleadings, discovery, and affidavits, "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The party moving for summary judgment under Federal Rule of Civil Procedure 56 has the burden of demonstrating that no material fact issue exists. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). If the moving party meets this burden, then the non-moving party must set out affirmative evidence in order to defeat the summary judgment motion. *Id.* at 257.

Only a genuine dispute over a material fact—a fact that might affect the outcome of the suit under the governing substantive law—will preclude summary judgment. *Id.* at 248. The dispute is genuine if the evidence is such that a fact-finder, utilizing the proper evidentiary

standard, could render a decision in the non-moving party's favor. *See id.* In determining whether there is a genuine issue for trial, the court must view all facts and the inferences to be drawn from them in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). However, only reasonable inferences in favor of the nonmoving party can be drawn from the evidence. *Eastman Kodak Co. v. Image Tech. Servs., Inc.*, 504 U.S. 451, 468 (1992).

Additionally, in diversity cases, federal courts must apply state substantive law, here Texas law. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938); *Ashland Chem. Inc. v. Barco Inc.*, 123 F.3d 261, 265 (5th Cir. 1997). To determine Texas law, the court will look to the final decisions of the Texas Supreme Court. *See Transcon. Gas Pipe Line Corp. v. Transp. Ins. Co.*, 953 F.2d 985, 988 (5th Cir. 1992). "In the absence of a final decision by the state's highest court on the issue at hand, it is the duty of the federal court to determine, in its best judgment, how the highest court of the state would resolve the issue if presented with the same case." *Id.*; *see also Stanley v. Trinchard*, 500 F.3d 411, 423 (5th Cir. 2007).

## IV. ANALYSIS

As a preliminary matter, as Pilgrim's points out in its response to Chandler's objections, the objections exceed the page limit allowed by the Local Rules. Eastern District of Texas Local Rule CV-72 limits objections to a magistrate judge's report and recommendation to no more than eight pages. LOCAL RULE CV-72. Judge Hawthorn's Report and Recommendation explicitly notes this limitation. (Doc. #19, at 7). However, Chandler's objections are sixteen pages long and he did not request leave of court before filing them. For this reason alone, the court could either strike the objections in their entirety or only consider eight pages. Nevertheless, the court will address Chandler's objections on their merits.

Chandler's objections claim the Report erred by failing to make findings of fact, by dismissing the tortious interference with prospective contract claim, and by concluding that §52.031 of the Texas Labor Code does not provide a private cause of action.[1] (Doc. #20, at 2). His objections will be discussed in that order.

### A. Failure to Make Findings of Fact

Chandler appears to suggest that 28 U.S.C. § 636(b)(1)(B) requires a magistrate judge to issue findings of fact in support of a report and recommendation on a motion for summary judgment. (Doc. #20, at 3). However, nothing in 28 U.S.C. § 636(b)(1)(B) suggests that a magistrate judge must issue findings of fact. Instead, it merely addresses the jurisdiction and powers of federal magistrate judges, as well as the matters that may be designated to them. Federal Rule of Civil Procedure 72, which Chandler does not cite, does state that "[t]he magistrate judge must enter a recommended disposition, including, if appropriate, proposed findings of fact." FED. R. CIV. P. 72(b)(1). Because the Report concludes that, as a matter of law, Chandler cannot recover against Pilgrim's, findings of fact were not appropriate, and Judge Hawthorn was not required to make them.

### B. Dismissing Tortious Interference with Prospective Employment Claim

Chandler contends that the Report erred by dismissing his tortious interference with prospective contract claim on the grounds that Pilgrim's conduct was not an independently tortious or wrongful act. (Doc. #20, at 7). Chandler argues that the Report ignores *Sanger Ins. Agency v. HUB Int'l, Ltd.*, 802 F.3d 732, 749 (5th Cir. 2015). However, Chandler discusses that case for the first time in his objections to the Report. Further, even if Chandler had discussed *Sanger*

---

[1] Chandler's objections erroneously refer to the statute at issue as § 53.031 and § 51.031. Section 51.031 deals with employment of children and § 53.031 does not exist. Accordingly, the court will assume Chandler meant to cite to § 52.031.

previously, his characterization of that case is incorrect and demonstrates a misunderstanding of the Report. Chandler first cites *Sanger* to assert that "[t]he Fifth Circuit has recognized that Texas law permits plaintiffs to recover for tortious interference even when they would not have standing to assert the underlying tort." (Doc. #20, at 9). However, the Report does not discuss standing and nothing in it suggests that Judge Hawthorn recommended dismissing the claim because he concluded Chandler did not have standing. Rather, he recommended dismissal because Pilgrim's conduct was not independently tortious or wrongful. (Doc. #19, at 7).

Chandler also asserts that "Sanger alleged a boycott and monopolization claim under federal antitrust law, which the Fifth Circuit held would constitute an independently tortious act." (Doc. #20, at 9). But that is not what the Fifth Circuit held. The Fifth Circuit merely stated that standing to bring a federal antitrust claim was not required to satisfy the independently tortious or unlawful conduct prong of the tortious interference analysis. *See Sanger*, 802 F.3d at 748 n. 13 (citing *Wal-Mart Stores, Inc. v. Sturges*, 52 S.W.3d 711, 726 (Tex. 2001)). As stated above, standing is not an issue in this case. The Report in this case did not base its conclusion on a finding that Chandler did not have standing. *Sanger* is inapplicable to this case.

The court agrees with Chandler that the specific acts listed by the Texas Supreme Court in *Sturges* are not an exhaustive list. However, as the Report pointed out, *Sturges* expressly approved the Restatement definition of "unlawful conduct," stating that "the historical limitation of the tort to unlawful conduct — 'the actor's conduct was characterized by violence, fraud or defamation and was tortious in character'— provides a viable definition and preserves the tort's utility of filling a gap in affording compensation in situations where a wrong has been done." (Doc. #19, at 6) (quoting *Sturges*, 52 S.W.3d, at 726). Blacklisting does not per se involve violence, fraud, or defamation and Chandler has failed to cite to any summary judgment evidence showing that

Pilgrim's committed violence, fraud, or defamation. Additionally, Chandler has not cited to any authority that holds blacklisting can serve as an independently tortious or unlawful act. The Report's conclusion that blacklisting in and of itself cannot serve as an independently tortious or unlawful act is correct.

Chandler's response to Pilgrim's motion for summary judgment argued that Pilgrim's conduct was independently tortious or unlawful because it violated the Texas blacklisting statute. (Doc. #17, at 17). It did not argue that Pilgrim's conduct was independently tortious or unlawful for any other reason. Now, in his objections, Chandler argues that Pilgrim's conduct was independently tortious or unlawful because Pilgrim's committed the tort of illegal boycott. (Doc. #20, at 11). Because this argument was raised for the first time in his objections, it is not properly before the court. *See United States v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992) (issues first raised in objections to magistrate's report and recommendation need not be considered by the district court); *Freeman v. Cnty. of Bexar*, 142 F.3d 848, 850 (5th Cir. 1998) (recognizing that, absent compelling reasons, the requirement of the District Court to conduct a *de novo* review does not permit the parties to raise "new evidence, argument, and issues that were not presented to the Magistrate Judge"); *Cupit v. Whiteley*, 28 F.3d 532, 535 (5th Cir. 1994) (arguments that could have been raised before the Magistrate Judge, but were raised for the first time in objections before the District Court, were waived).

The illegal boycott argument also fails on the merits because Chandler has not shown that Pilgrim's actions constituted an illegal boycott. In *Sturges*, the Texas Supreme Court noted that "a plaintiff could recover for tortious interference by showing an illegal boycott, although a plaintiff could not recover against a defendant **whose persuasion of others** not to deal with the plaintiff was **lawful**." *Sturges*, 52 S.W.3d at 726 (emphasis added). In other words, for there to be an illegal

boycott, a defendant must have persuaded others not to deal with the plaintiff and that action must have been unlawful. Here, Chandler alleges that Pilgrim's informed Georgia Poultry that it would not do business with Georgia Poultry if Chandler worked there. Firstly, there is no evidence Pilgrim's tried to persuade anyone else not to work with Georgia Poultry, so the persuasion of others element is not met. Secondly, Pilgrim's is free to choose who it does business with and is under no obligation to work with Georgia Poultry. Chandler has not presented any case law indicating that Pilgrim's decision not to deal with Georgia Poultry was unlawful, so that element also is not met.

The only case Chandler cites to support his argument that Pilgrim's threatened an illegal boycott is *Int'l & G.N. Ry. Co. v. Greenwood*, 21 S.W. 559 (Tex. Civ. App. 1893), which is distinguishable from this case. In that case, a railroad threatened to terminate any employee who visited the plaintiff's establishment and the plaintiff then sued the railroad. *Id.* at 561. In holding in the plaintiff's favor, the court noted how defendant did not have the right to intentionally induce others to abstain from patronizing plaintiff. *Id.* at 81. Unlike in that case, here, Pilgrim's did have the right to abstain from doing business with Georgia Poultry and it never attempted to get others not to do business with Georgia Poultry. Additionally, here, it is not the entity that was threatened who sued but rather a prospective employee. Because Pilgrim's did not unlawfully persuade others not to deal with the plaintiff, Chandler's claim that Pilgrim's acts were an illegal boycott fails and accordingly, illegal boycott cannot serve as the independently tortious or unlawful act for his tortious interference with prospective employment claim.

Chandler has failed to show that Pilgrim's actions were independently tortious, and his objections to the contrary are without merit. Accordingly, Pilgrim's motion for summary judgment on the tortious interference with prospective employment claim will be granted.

### C. Conclusion § 52.031 of the Texas Labor Code Does Not Provide a Private Cause of Action

Lastly, Chandler objects to the Report's conclusion that § 52.031 of the Texas Labor Code does not create a private cause of action. In doing so, Chandler attempts to distinguish this case from *Brown v. De La Cruz*, 156 S.W.3d 560 (Tex. 2004). In *Brown*, the Texas Supreme Court applied a strict rule of construction to statutory enforcement schemes and determined that a private cause of action may be implied only when the legislature's intent to create a private cause of action is clearly expressed from the language of the statute as written. *Id.* at 567. It also held that penal statutes are strictly construed and that a statute providing for a daily penalty unrelated to actual losses must be strictly construed and may be asserted in a private cause of action only if the statute clearly so provides. *Id.* at 565; *see also City of Houston v. Jackson*, 192 S.W.3d 764, 770 (Tex. 2006) ("penal statutes should be strictly construed") (citing *Brown*, 156 S.W.3d, at 565). Chandler argues that the strict rule of statutory construction *Brown* sets out does not dictate the result of this case. This argument is without merit. Like the statute in *Brown*, § 52.031 is a penal statute that provides for a daily penalty unrelated to actual losses and so it must be strictly construed. Chandler does not cite any authority that Texas does not apply a strict rule of statutory construction and this court is bound by that rule.

The Report mentions, without discussion, that there is another blacklisting statute in Texas. To clarify, § 52.031 was enacted as a non-substantive recodification of various statutes, including Texas Revised Civil Statutes arts. 5196c–5196e, which defined blacklisting, prohibited it, and gave its penalty. A separate statute, art. 5196, lists what acts constitute discrimination against persons seeking employment and includes blacklisting. TEX. REV. CIV. STAT. ANN. art. 5196. It was not recodified and is still valid. *Id.* Art. 5196 is enforceable by the Attorney General. *Id.* art. 5199. Chandler argues that because this enforcement provision was left out of § 52.031, the legislature

9

implicitly intended for § 52.031 to provide a private cause of action. However, as the Report explains, lack of an enforcement provision does not on its own justify an implied private cause of action. *See* Doc. #19, at 5. While Chandler cites cases where statutes with administrative mechanisms to enforce its provisions do not provide a private cause of action, he does not cite, and the court has not found, any case where a statute was found to create a private right of action solely because it did not have an enforcement mechanism. In fact, as the Report explains, *Brown* explicitly rejected this argument. *See Brown*, 156 S.W.3d, at 566.

Here, nothing in the statutory language or legislative history of § 52.031 clearly suggests that the legislature intended to create a private cause of action. Section 52.031 does not create a private cause of action and Pilgrim's motion for summary judgment on this claim must be granted.

## V.  CONCLUSION

After conducting a *de novo* review, and considering Judge Hawthorn's recommendation as well as Plaintiff's objections, the objections (Doc. #20) are **OVERRULED**. The conclusions of Judge Hawthorn are correct and the Report (Doc. #19) is **ACCEPTED**. The pleadings, papers, and summary judgement evidence on file establishes that no disputed issue of material fact exists and that Pilgrim's is entitled to judgement as a matter of law.

Defendant's motion for summary judgment (Doc. #14) is **GRANTED**. Chandler's claims against Pilgrim's are **DISMISSED** with prejudice. A final judgment will be entered separately.

**SIGNED this 14th day of July, 2021.**

Michael J. Truncale
United States District Judge